**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **FLAGSTAR BANK, FSB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2010-0054** |
| | ) | |
| **JOSEPH NICHOLAS and** | ) | |
| **VENELYA NICHOLAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ————————————————————— | ) | |

**Attorneys:**
**Johanna Harrington, Esq.,**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
     *For Plaintiff*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion to Vacate Default Judgment" filed by Flagstar Bank, FSB through its successor-in-interest, Green Tree Servicing LLC ("Plaintiff"). (Dkt. No. 41). By way of this Motion, Plaintiff seeks—pursuant to Fed. R. Civ. P. 60(b)(5) or 60(b)(6)—to set aside or vacate the Default Judgment entered by the Court on January 9, 2014 against Defendants Joseph Nicholas and Venelya Nicholas (collectively, the "Nicholases") (Dkt. No. 35), because the Nicholases have successfully reinstated the loan secured by the mortgaged property at issue in this action. For the reasons discussed below, the Court will grant Plaintiff's Motion.

### I.  BACKGROUND

On June 18, 2010, Plaintiff filed a Complaint against the Nicholases, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). Plaintiff asserted that the

Nicholases defaulted on a Promissory Note and on a Mortgage regarding certain property in Estate Jealousy, St. Croix ("the Property"). (Compl. ¶ 6, Dkt. No. 1). The Complaint set forth the amount of the debt it was owed due to the default, and sought foreclosure of the Property. (Dkt. No. 1).

On February 8, 2013, Plaintiff filed a Motion for Default Judgment seeking: (1) a default judgment for debt against Joseph Nicholas for the entire amount due under the Note, plus expenses, interest, and attorney's fees; and (2) foreclosure of the mortgaged Property against the Nicholases. (Dkt. No. 20). On October 25, 2013, Plaintiff filed a "Renewed Motion for Default Judgment" (Dkt. No. 31) which updated and clarified its original Motion for Default Judgment.

On January 9, 2014, the Court issued a Judgment & Order, along with a Memorandum Opinion, granting Plaintiff's Motion for Default Judgment, as supplemented by its Renewed Motion. (Dkt. Nos. 35, 36). The Judgment provided that the total indebtedness was $351,571.95, which accrued per diem interest from the date of Judgment until the Judgment was satisfied. (Dkt. No. 35). After Default Judgment was entered, the loan instruments were "sold, assigned, or conveyed" to Green Tree Servicing LLC. (Dkt. No. 41 at 2). A Writ of Execution issued on December 8, 2014 (Dkt. No. 39), and the Property was attached by the U.S. Marshals Service. Following attachment, the Nicholases successfully reinstated the loan at issue by paying the full amount of arrears together with associated fees and costs. (Dkt. No. 41 at 2).

On June 2, 2015, Plaintiff filed the instant Motion to vacate Default Judgment. (Dkt. No. 41). In its Motion, Plaintiff explained that because the Nicholases reinstated the loan, it was no longer seeking to sell the Property to satisfy the Judgment. Consequently, Plaintiff moved to vacate or set aside the Default Judgment entered against Defendants under either Fed. R. Civ. P. 60(b)(5) or 60(b)(6).

## II.  APPLICABLE LEGAL PRINCIPLES

Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party . . . from final judgment order or proceeding" under certain circumstances.  The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done," *Walsh v. Krantz,* 423 F. App'x 177, 179 (3d Cir. 2011) (internal quotation marks omitted), affording "a grand reservoir of equitable power to do justice in a particular case." *Cox v. Horn,* 757 F.3d 113, 122 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom. Wetzel v. Cox,* __ U.S. __, 135 S. Ct. 1548 (2015).

Grounds for relief from judgment under Rule 60(b) include:

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(5), (6).

### A.  Rule 60(b)(5)

The third clause is the only part of Rule 60(b)(5) that might apply here, because there is no assertion that the Nicholases have satisfied the entire judgment, or that there is an earlier judgment that has been reversed or vacated. In their treatise, Charles Alan Wright & Arthur R. Miller explain that the third clause in Rule 60(b)(5)—allowing relief if it is no longer equitable for the judgment to be applied prospectively—is the "significant portion" of the Rule, and is "based on the historic power of a court of equity to modify its decree in light of changed circumstances." 11 Fed. Prac. & Proc. Civ. § 2863 (3d ed.). This subsection "applies to any judgment that has prospective effect. In contrast, judgments that offer a present remedy for a past wrong do not fall within the rule." *Id.*

3

In *United States v. Alsol Corp.*, 620 F. App'x 133 (3d Cir. 2015), the Third Circuit emphasized that, in interpreting the third clause of Rule 60(b)(5), the "definitional limitation"—that the Rule may not be applied unless the judgment is *prospective or executory*—is significant. *Id.* at 135. In that case, although the defendants had "not yet paid the damages owed and although the damages continue[d] to accrue," the Third Circuit

> "explicitly noted that even if the judgment had not yet been satisfied, it would not qualify as prospective under Rule 60(b)(5) because a prospective injunction envisions a restraint of future conduct not an order to remedy past wrongs when the compensation payment is withheld from the beneficiaries until some subsequent date."

*Id.* (quoting *Coltec Indus., Inc. v. Hobgood,* 280 F.3d 262, 272 (3d Cir. 2002)).

## B. Rule 60(b)(6)

A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening a final judgment. *Elliott v. Grace*, __ F. App'x __, 2016 WL 211569, at *1 (3d Cir. Jan. 19, 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). A court's decision to exercise discretion under Rule 60(b)(6) is guided by various equitable factors, including:

> "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; ... [5] whether there are any intervening equities which make it inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under attack."

*Id.* (quoting *Lasky v. Cont'l Prods. Corp.,* 804 F.2d 250, 256 (3d Cir. 1986) (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 60.19 (2d ed. 1985)) (alterations in original).

### III.   ANALYSIS

**A.  Rule 60(b)(5)**

The circumstances here do not permit relief under Rule 60(b)(5) because the Judgment at issue is not prospective. The Judgment arose because the Nicholases defaulted under the terms of the Note and Mortgage. In response, Plaintiff chose to accelerate the Nicholases' loan and to bring an action for debt and foreclosure to sell the Property and recoup what was owed on the Note, along with interest, escrow advances, late charges, and property inspection fees.

In this circumstance, there is a "past wrong"—the Nicholases' default—which led to acceleration of the loan and a lawsuit for debt and foreclosure. The resulting Judgment is the "present remedy" for the "past wrong." Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2863. It has no prospective effect, as it does not restrain any future conduct. *See Alsol Corp.*, 620 F. App'x at 135. Notwithstanding that the Judgment had not yet been satisfied, in that the Property was not yet sold and damages in the form of interest continued to accrue, the absence of restraint on future conduct remained. *Id.* Accordingly, the prospectivity clause of Rule 60(b)(5) is not met and vacatur of the Judgment is not available under this subsection of the Rule. *Id.*

**B.  Rule 60(b)(6)**

On the other hand, the Court finds that the circumstances presented in this case are sufficiently extraordinary and the equities are such that the Court will exercise its discretion and grant the motion to vacate pursuant to Rule 60(b)(6).

Although the Court is cognizant that the finality of judgments should not be lightly disturbed, allowing Plaintiff to vacate the Default Judgment would fulfill the Rule's purpose of "doing substantial justice." Plaintiff filed the instant foreclosure action as a result of the Nicholases' default. After the Default Judgment was entered, Plaintiff and the Nicholases were

able to resolve the matter when the Nicholases cured the default by paying the full amount of arrears together with associated fees and costs, and the loan was reinstated. Here, justice would be served by providing Plaintiff and the Nicholases with an opportunity to proceed in accordance with the reinstated loan. The equities strongly favor resolution of a debt and foreclosure action by allowing the Defendants to keep their Property with the loan reinstated, rather than enforcing a default judgment that neither Plaintiff nor Defendants wish to pursue.

Further, Plaintiff's invocation of Rule 60(b) is not a substitute for appeal as Plaintiff—the prevailing party on the Motion for Default Judgment—not Defendants, are filing the motion for vacatur.  In addition, the motion to vacate was made within a reasonable time. Although the Judgment & Order was entered in January 2014, the Property was attached in December 2014. The Nicholases were served with the writ of execution in February 2015, and Plaintiff filed the instant motion in June 2015. At some point during December 2014 and June 2015, the matter was resolved satisfactorily, resulting in the filing of the instant motion. Finally, there are no "intervening equities which make it inequitable to grant relief" nor is there "any other factor that is relevant to the justice of the [order] under attack" that weighs against vacatur.

The Court finds that consideration of the equitable factors under the circumstances favor the grant of Rule 60(b)(6) relief. Accordingly, the Court will grant Plaintiff's Motion to Vacate Default Judgment pursuant to Rule 60(b)(6). (Dkt. No. 41).

An appropriate Order accompanies this Memorandum Opinion.

Date: March 2, 2016

_____/s/_____
WILMA A. LEWIS
Chief Judge